



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

---

*Rod J. Rosenstein*
*United States Attorney*

*Christopher Mason*
*Special Assistant United States Attorney*

*36 South Charles Street*
*Fourth Floor*
*Baltimore, Maryland 21201*

*DIRECT: 410-209-4831*
*MAIN: 410-209-4800*
*FAX: 410-962-3124*
*TTY/TDD: 410-962-4462*
*Christopher.Mason@usdoj.gov*

January 13, 2012

Catherine Flynn, Esq.
Mead, Flynn & Gray, P.A.
200 East Lexington Street, Suite 1511
Baltimore, MD 21202

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2012 FEB -6 P II: 35

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

    Re:  Plea agreement in the case of
       <u>United States v. Nathanial Turner</u>
       Criminal No. CCB-12-<u>037</u>

Dear Ms. Flynn:

    This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by **January 23, 2012**, it will be deemed withdrawn. The terms of the agreement are as follows:

Offense of Conviction

    1.  The Defendant agrees to plead waive indictment and plead guilty to a an Information to be filed against him, charging him with possession with the intent to distribute a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1)(c). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

Elements of the Offense

    2.  The elements of the offense to which the Defendant has agreed to plead guilty, and which the Government would prove if the case went to trial are as follows:

Revised 8/8/08

Catherine Flynn, Esq.
United States v. Nathaniel Turner
CCB-12-_____
Page 2

        a.      that the Defendant possessed a quantity of a mixture or substance containing a detectable amount of heroin; and

        b.      the Defendant intended to distribute the mixture or substance containing heroin.

## Penalties

3.      The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is twenty (20) years imprisonment, a fine of $1,000,000 and a period of supervised release of at least three (3) years. In addition, the Defendant must pay $100.00 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

4.      The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

        a.      If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

        b.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the

---

[1]    Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

Catherine Flynn, Esq.
United States v. Nathaniel Turner
CCB-12-_____
Page 3

opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

        c.     If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

        d.     The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

        e.     If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

        f.     By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

        g.     If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

        h.     By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status.

Catherine Flynn, Esq.
United States v. Nathaniel Turner
CCB-12-_____
Page 4

### Advisory Sentencing Guidelines Apply

5.     The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

6.     This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto, which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

#### a. Guidelines Stipulation

The parties stipulate and agree that the base offense level for the Defendant is eighteen (18) because the Defendant possessed with the intent to distribute between 20 and 40 grams of heroin, pursuant to U.S.S.G. § 2D1.1(c)(11). However, the parties agree that the Defendant is a Career Offender, pursuant to U.S.S.G. § 4B1.1, and therefore agree that the base offense level is thirty-two (32).

#### b. Acceptance of Responsibility

This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

7.     The parties stipulate and agree that the Defendant qualifies as a Career Offender, pursuant to U.S.S.G. § 4B11, because he has more than two qualifying prior convictions for controlled substance offenses.

Catherine Flynn, Esq.
United States v. Nathaniel Turner
CCB-12-_____
Page 5

8.     This Office and the Defendant agree that with respect to the calculation of
criminal history and the calculation of the advisory guidelines range, no other offense
characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the
United States Sentencing Guidelines will be raised or are in dispute.  If the Defendant intends to
seek a sentence outside of the advisory guidelines range, he will notify the Court, the United
States Probation Officer and this Office at least ten days in advance of sentencing of the facts or
issues he intends to raise pursuant to 18 U.S.C. § 3553(a).

<u>Obligations of the United States Attorney's Office</u>

9.     At the time of sentencing, this Office will recommend a sentence within
the advisory guidelines range as calculated by the Court.

10.     The parties reserve the right to bring to the Court's attention at the time of
sentencing, and the Court will be entitled to consider, all relevant information concerning the
Defendant's background, character and conduct, including the conduct that is the subject of the
counts of the Indictment that this Office has agreed to dismiss at sentencing.

<u>Waiver of Appeal</u>

11.     In exchange for the concessions made by this Office and the Defendant in
this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a.     The Defendant knowingly waives all rights, pursuant to 28 U.S.C.
§ 1291 or otherwise, to appeal the Defendant's conviction;

b     The Defendant and this Office knowingly waive all rights, pursuant
to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to
appeal any issues that relate to the establishment of the advisory guidelines range, the
determination of the defendant's criminal history, the weighing of the sentencing factors, and the
decision whether to impose and the calculation of any term of imprisonment, fine, order of
forfeiture, order of restitution, and term or condition of supervised release), <u>except</u> as follows: (i)
the Defendant reserves the right to appeal from any term of imprisonment above the advisory
guidelines resulting from an adjusted base offense level of twenty-nine (29); (ii) and this Office
reserves the right to appeal from any term of imprisonment below the advisory guidelines range
resulting from an adjusted base offense level of twenty-nine (29).

c.     Nothing in this agreement shall be construed to prevent the
Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure

Catherine Flynn, Esq.
United States v. Nathaniel Turner
CCB-12-_____
Page 6

35(a), or from appealing from any decision thereunder, should a sentence be imposed that
resulted from arithmetical, technical, or other clear error.

        d.     The Defendant waives any and all rights under the Freedom of
Information Act relating to the investigation and prosecution of the above-captioned matter and
agrees not to file any request for documents from this Office or any investigating agency.

Forfeiture

        12.     The defendant understands that the court will, upon acceptance of his
guilty plea, enter an order of forfeiture as part of his sentence, and that the order will include
assets directly traceable to his offense, substitute assets and/or a money judgment equal to the
value of the property subject to forfeiture.  Specifically, as a consequence of the Defendant's plea
of guilty to Count One charging a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), the court will
order the forfeiture of "all proceeds traceable to ... an exchange" of money or other things of
value for a controlled substance, pursuant to 21 U.S.C. § 881(a)(6).

        The property to be forfeited includes but is not limited to the following:

        *$441.00 in U.S. Currency.*

        13.     The defendant agrees to consent to the entry of orders of forfeiture for
such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J),
32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the
forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and
incorporation of the forfeiture in the judgment.

Court Not a Party

        14.     The Defendant expressly understands that the Court is not a party to this
agreement.  In the federal system, the sentence to be imposed is within the sole discretion of the
Court.  In particular, the Defendant understands that neither the United States Probation Office
nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of
the Presentence Report, determine the facts relevant to sentencing.  The Defendant understands
that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to
the determination of sentence.  Rather, in determining the factual basis for the sentence, the
Court will consider the stipulation, together with the results of the presentence investigation, and
any other relevant information.  The Defendant understands that the Court is under no obligation
to accept this Office's recommendations, and the Court has the power to impose a sentence up to
and including the statutory maximum stated above.  The Defendant understands that if the Court

Catherine Flynn, Esq.
United States v. Nathaniel Turner
CCB-12-_____
Page 7

ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

Obstruction or Other Violations of Law

15.     The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

Entire Agreement

16.     This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Catherine Flynn, Esq.
United States v. Nathaniel Turner
CCB-12-_____
Page 8

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____

Benjamin Block
Assistant United States Attorney

Christopher M. Mason
Special Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

_1/19/12_____
Date

_____
Nathaniel Turner

I am Nathaniel Turner's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

_1/19/12.____
Date

_____
Catherine Flynn, Esq.

## ATTACHMENT A

## STIPULATED FACTS

*The undersigned parties hereby stipulate and agree that if this case had proceeded to trial, the Government would have proved the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the facts that would have been proven had this matter proceeded to trial.*

On December 20, 2010, after a multi-week narcotics and firearms investigation, a state search and seizure warrant was issued and signed by the Honorable Judge Braverman of the District Court of Maryland for the person of NATHANIEL TURNER and a gray 2006 Acura RL bearing Maryland tag # 5EMX62, with VIN # JH4KB16556C009620.

On December 21, 2010, at approximately 12:01 p.m., ATF agents and Baltimore Police Department officers executed a traffic stop on TURNER, who was driving the 2006 Acura RL described above. Law enforcement officers approached the vehicle and observed a torn plastic sandwich bag in TURNER'S lap. TURNER complied with a law enforcement officer's instructions to exit the vehicle. As TURNER did so, the officer further observed the torn plastic bag containing small objects consistent with narcotics packaging fall to the ground. The plastic bag was recovered and found to contain three (3) gelatin capsules containing suspected heroin. A search of TURNER pursuant to the warrant described above resulted in the recovery of another plastic bag containing twelve (12) gelatin capsules of suspected heroin. Recovered from the vehicle was one (1) additional gelatin capsule containing suspected heroin and $414 in U.S. currency in the center ash tray under the radio. TURNER admits that this currency constitutes the proceeds of the sale of illegal narcotics.

After having been advised of his *Miranda* rights, TURNER stated that he had additional quantities of heroin at 3034 Pinewood Avenue, Baltimore, Maryland 21214. Pursuant to a valid search warrant, a search was conducted at 3034 Pinewood Avenue at approximately 3:30 p.m. on December 21, 2010. From the kitchen, law enforcement agents recovered one plastic bag containing nine (9) gelcaps containing suspected heroin, one plastic bag containing twenty-five (25) gelcaps containing suspected heroin, one plastic bag containing a tan powder substance (approximately 13 grams suspected heroin), and drug paraphernalia including a digital scale and sifters with residue. From the rear bedroom, law enforcement agents recovered approximately 103 grams of suspected heroin and one loaded .32 caliber Beretta semi-automatic handgun. TURNER admitted ownership of the thirty-four (34) gelcaps and 13 grams of suspected heroin in the kitchen but denied knowledge of the items recovered from the bedroom.

The items recovered from TURNER, the vehicle, and 3034 Pinewood Avenue were submitted to the Baltimore Police Department laboratory for testing and analysis. The 50 gelcaps attributable to TURNER (16 from the car stop and 34 from the residence) were analyzed and found to contain approximately 15.02 grams of heroin. Together with the plastic baggie from the kitchen, which was analyzed and found to contain 12.99 grams of heroin, the total quantity of heroin attributable to TURNER is 28.01 grams. The firearm and additional 113 grams of heroin

recovered from the bedroom were determined after investigation not to belong to TURNER.

TURNER admits that he possessed the 28.01 grams of heroin described above with intent to distribute the same.

Rod J. Rosenstein
United States Attorney


By: _____
Benjamin Block
Assistant United States Attorney

Christopher M. Mason
Special Assistant United States Attorney


I have read this statement of facts, and carefully reviewed every part of it with my attorney. I understand it, and I acknowledge that it is true and correct. I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.


1/19/12
_____
Date

_____
Nathaniel Turner


I am Nathaniel Turner's attorney. I have carefully reviewed every part of this statement of facts with him. To my knowledge, his decision to sign it is an informed and voluntary one.


1/19/12
_____
Date

_____
Catherine Flynn, Esq.

2